**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | | |
|---|---|---|
| WILLIAM C. MILLER, | : | CIV. ACTION NO. 17-1675 (RMB) |
| Plaintiff, | : | |
| v. | : | OPINION |
| DAVID E. ORTIZ, WARDEN | : | |
| Defendant. | : | |

**RENÉE MARIE BUMB**, U.S. District Judge

This matter comes before the Court upon Plaintiff's filing of a self-styled "Emergency Motion for Temporary Order of Protection," which this Court construes as a prisoner civil rights complaint and a motion for preliminary injunction. (ECF No. 1).

I. BACKGROUND

Plaintiff is a prisoner confined in FCI Fort Dix, due to be released on March 15, 2017. (ECF No. 1, ¶1.) Plaintiff believes the Utah Department of Corrections has a detainer on him. (Id., ¶2.) Plaintiff does not know how he will be transported to Utah. (Id., ¶3.) He fears he will suffer irreparable harm to his health if he is transported to Utah by van, especially if the trip is extended by stopping to transport other prisoners along the way. (Id.,

¶¶6-8.)  Plaintiff suffers from the following medical conditions, all of which require medication and could result in irreparable harm if he does not receive his medication:  bleeding ulcers, enlarged prostate, irritable bowel syndrome, arthritis, clinical depression and panic attacks.  (Id.)  His requests for information about his transport have gone unanswered.  (Id., ¶3.)

II. DISCUSSION

    A.   Motion for Preliminary Restraining Order

A request for injunctive relief in the prison context must be "viewed with considerable caution." Rush v. Correctional Medical Services, Inc., 287 F. App'x 142, 144 (3d Cir. 2008).  For such an extraordinary remedy as a preliminary injunction, a plaintiff must establish each of the following four elements:

> (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest.

Id. (quoting NutraSweet Co. v. Vit-Mar Enters., Inc., 176 F.3d 151, 153 (3d Cir. 1999).

A plaintiff may assert a cause of action under 42 U.S.C. § 1983 for violations of his constitutional rights. Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

To state a claim for relief under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and that the constitutional deprivation was caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1998); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

The Eighth Amendment's prohibition against cruel and unusual punishment requires that inmates are provided adequate medical care. Estelle v. Gamble, 429 U.S. 97, 103-04 (1976); Rouse v. Plantier, 182 F.3d 192 (3d Cir. 1999).  To state a claim of inadequate medical care in violation of the Eighth Amendment, an inmate must set forth: (1) a serious medical need; and (2) a prison official's deliberate indifference to that serious medical need.  Estelle, 429 U.S. at 106. A serious medical need includes a need for which "denial of treatment would result in the unnecessary and wanton infliction of pain" or

a "life-long handicap or permanent loss."  Atkinson v. Taylor, 316 F.3d 257, 273 (3d Cir. 2003) (internal quotations and citations omitted).

The second element of the Estelle test is subjective and requires an inmate to show that a prison official acted with deliberate indifference to a serious medical need.  Natale v. Camden County Correctional Facility, 318 F.3d 575, 582 (3d Cir. 2003). Conduct that constitutes malpractice or negligence does not rise to the level of deliberate indifference; deliberate indifference is a reckless disregard of a known risk of harm.  Farmer v. Brennan, 511 U.S. 825, 836 (1994).  Courts will not second guess "the adequacy a particular course of treatment" in the exercise of sound professional judgment.  Inmates v. Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979) (quoting Bowring v. Godwin, 551 F.2d 44, 48 (4th Cir. 1977)).

A non-physician defendant is not deliberately indifferent to a prisoner's serious medical needs in violation of the Eighth Amendment if she fails to respond to an inmate's administrative complaint regarding medical treatment while the inmate is already receiving treatment by the prison doctor.  Durmer v. O'Caroll, 991 F.2d 64, 69 (3d Cir. 1993). "Once a prison grievance examiner becomes aware of possible mistreatment, the Eighth Amendment does not require

4

him or her to do more than 'review[ ] ... [the prisoner's] complaints and verif[y] with the medical officials that [the prisoner] was receiving treatment.'" Glenn v. Barua, 252 F. App'x 493, 498 (3d Cir. 2007) (quoting Greeno v. Daley, 414 F.3d 645, 655-56 (7th Cir. 2005)) (citation omitted).

Plaintiff cannot satisfy the first two elements required for a preliminary injunction based on a prospective Eighth Amendment violation.  First, Plaintiff does not know if he will be transported by van to Utah.  Second, Plaintiff's fear that he will not receive his medications during his transportation is based on nothing more than speculation.  Third, Plaintiff does not allege that he has been provided a medical opinion that he cannot travel by van to Utah. Under the circumstances, the Court will deny Plaintiff's motion for a preliminary injunction without prejudice.

    B.    Administrative Termination of Action

Plaintiff's motion, in which he seeks to initiate a civil action in this Court in order to seek relief under the Eighth Amendment, is unaccompanied by the $400.00 filing fee or an application to proceed without prepayment of fees ("in forma pauperis" or "IFP", pursuant to 28 U.S.C. § 1915.  Therefore, the Court will administratively terminate this action, subject to reopening if

5

Plaintiff submits either the $400.00 filing fee or a properly completed IFP application, pursuant to 28 U.S.C. § 1915.

III. CONCLUSION

For the reasons discussed above, the Court will deny Plaintiff's motion for a preliminary injunction and administratively terminate this action without prejudice.

An appropriate Order follows.

                                              *s/Renée Marie Bumb*
                                              **RENÉE MARIE BUMB**
                                              **UNITED STATES DISTRICT JUDGE**

**DATED: MARCH 22, 2017**